

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Dear Sir:

Opinion No. O-4685
Re: Authority of State Highway
Department to withhold pay-
ments to the beneficiary of
a deceased highway employee,
of compensation benefits
pending satisfactory adjust-
ment of a claim presented by
the State Hospital to the
guardian of such beneficiary.

Your letter of June 18, 1942, concerns your Claim
No. 40-864, Allen Royce Whitt, deceased. The facts, briefly,
appear to be as follows:

On July 26, 1940, Allen Royce Whitt was killed
in the course of his employment with the State Highway De-
partment. Whitt was a minor and his father the sole sur-
viving beneficiary under the terms of the Compensation Act
providing compensation benefits for employees of the State
Highway Department. The father, David W. Whitt, is confined
in the State Insane Asylum in Terrell; Delwin D. Whitt, his
son, is his duly appointed guardian. Your Department ac-
knowledged its liability and began compensation payments
to Delwin D. Whitt as guardian of David W. Whitt. Your
Department notified the Superintendent of the Terrell State
Hospital immediately, so that he might file claim with the
guardian for the current care of David W. Whitt. Compensa-
tion was paid through March 4, 1942. On March 18, 1942,
you received a copy of a letter written by the State Board
of Control, which brought to your attention the fact that
the claim of the State Hospital had not been paid by the
guardian. In this letter, the State Board of Control ad-
vised: "I am now filing a copy of this letter and statement
with the Texas Highway Department because under our statutes
warrants cannot be issued on the State funds to one who
owes the State and is in arrears."

NO PART OF THIS OPINION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable D. C. Greer, Page 2

It appears that the whereabouts of the guardian is not presently known.

Upon this state of facts you ask the following questions:

(1) Do we have any authority under the law mentioned by the Board of Control to withhold payments in this case pending satisfactory adjustment of the claim presented by the State Hospital to the guardian?

(2) In case another guardian is appointed, would the superintendent of the Terrell Hospital be barred from serving as guardian because of his official capacity?

The law referred to by the State Board of Control is doubtless Article 4350, R. C. S. 1925, which reads as follows:

"No warrant shall be issued to any person indebted to the State, or to his agent or assignee, until such debt is paid."

Article 3196a, Vernon's Revised Civil Statutes of Texas, provides in Sections 1, 2, 3, 4 and 5 as follows:

"Section 1. Patients admitted to State hospitals and State psychopathic hospitals shall be of two classes, to wit:

"Indigent patients;
"Non-indigent patients;

"Indigent patients are those who possess no property of any kind nor have anyone legally responsible for their support, and who are unable to reimburse the State. This class shall be supported at the expense of the State.

"Non-indigent patients are those who possess some property out of which the State may be reimbursed, or who have someone legally liable for their support. This class shall be kept



Honorable D. O. Greer, Page 3

and maintained at the expense of the State, as in the first instance, but in such cases the State shall have the right to be reimbursed for the support, maintenance, and treatment of such patients.

"Sec. 2. Where the patient has no sufficient estate of his own, he shall be maintained at the expense:

"Of the husband or wife of such person, if able to do so;

"Of the father or mother of such person, if able to do so.

"Sec. 3. The State Board of Control is authorized to demand and conduct investigation in the County Court to determine whether or not a patient is possessed of or entitled to property and/or whether or not some other person is legally liable for his support, maintenance, and treatment and to pay therefor, and to have citation issued and witnesses summoned to be heard on said investigation.

"Sec. 4. The State Board of Control, directly or through an authorized agent or agents, may make contracts fixing the price for the support, maintenance, and treatment of patients in any State hospital or psychopathic hospital at a sum not to exceed the cost of same or for such part thereof as such respective patient, his relatives or guardian of his estate may be able to and agree to pay, and binding the persons making such contracts to payment thereunder.

"Sec. 5. Upon the written request of the State Board of Control the County or District Attorney, or in case of the refusal or inability of both to act, the Attorney General, shall represent the State in filing a claim in Probate Court or a petition in a Court of competent jurisdiction, wherein the guardian of such patient and/or other person legally liable for



Honorable D. C. Greer, Page 4

his support , may be cited to appear then and
there to show cause why the State should not
have judgment against him or them for the amount
due it for the support, maintenance, and treat-
ment of such patient; and, upon sufficient show-
ing, judgment may be entered against such guar-
dian or other persons for the amount found to
be due the State, which judgment may be enforced
as in other cases. A verified account, sworn to
by the superintendent of the respective hospitals
or psychopathic hospitals wherein such patient
is being treated, or has been treated, as to
the amount due shall be sufficient evidence to
authorize the Court to render judgment therein.
The County or District Attorney representing the
State shall be entitled to a commission of ten
(10) per cent, of the amount collected. All
moneys so collected, less such commission, shall
be, by the said attorney, paid to the State Board
of Control, which shall receive and receipt for
the same and shall use the same for the mainten-
ance and improvement of said institution or in-
stitutions in which said patient shall have been
confined."

Vernon's Revised Civil Statutes, Article 6674s,
the law providing workmans compensation insurance for High-
way Department employees, provides in part in Section 6:

"All compensation allowed herein shall be
exempt from garnishment, attachment, judgment,
and all other suits or claims, and no such right
of action and no such compensation and no part
thereof nor of either shall be assignable, ex-
cept as otherwise herein provided, and any at-
tempt to assign the same shall be void."

Section 7 of the same Act adopts by reference
a number of sections of the general Workmens Compensation
Law, among them Section 8a. Section 8a, Vernon's Revised
Civil Statutes, Article 8306, provides in part as follows:

". . . and the amount recovered thereunder
shall not be liable for the debts of the de-
ceased nor the debts of the beneficiary or bene-
ficiaries and shall be distributed among the
beneficiaries as may be entitled to the same
as hereinbefore provided according to the laws
of descent and distribution of this State; . . ."



Honorable D. C. Greer, Page 5

Since the provisions of the Workmens Compensation Law for State Highway employees exempts the payment of compensation to a beneficiary from compulsory devotion to the payment of the debts of the beneficiary, the provisions of Article 4350 have no application. To withhold the warrant for the payment of compensation to the beneficiary under such circumstances would effect the compulsory application of the compensation benefits to the payment of the State debt by set-off.

The county judge, however, has the authority, in his discretion, to provide for the support and maintenance of the ward, and may for that purpose authorize the expenditure by the guardian (or require the expenditure by the guardian) for that purpose from any property belonging to the estate of the ward. Thus these compensation monies belonging to the estate of the ward may in the discretion of the probate court be expended for the support and maintenance of the ward, just as the ward himself, if he were mentally competent, might expend those funds for that purpose.

The remedy of the State Board of Control under these circumstances is not that which has been suggested, to-wit, the withholding of the issuance of warrants for the compensation. The Board should present its claim to the probate court and request that the judge order the guardian to expend so much of the property belonging to the estate, whether in the form of compensation benefits or otherwise, as may be reasonably necessary for the support and maintenance of the ward.

Your second question presents a matter with which your department has no concern. Therefore we do not answer it. The eligibility of a person to serve as guardian of the estate, in the event a new one need be appointed, is one which is addressed to the appointing power, the judge of the probate court.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant

APPROVED JUL 1, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS
RWF:LH

APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN